**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION,** | |
| **Petitioner,** | |
| **v.** | **Misc. No.** |
| **JENNIFER FORRESTIER, aka JENNIFER WILLLIAMS, FORRESTIER HEALTH, LLC,** | |
| **Respondents.** | |

**MEMORANDUM OF LAW OF THE
FEDERAL DEPOSIT INSURANCE CORPORATION IN SUPPORT OF ITS PETITION
FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENAS**

The Federal Deposit Insurance Corporation, in its Corporate Capacity ("FDIC"), respectfully submits this memorandum of law in support of its petition for summary enforcement of administrative subpoenas served on Jennifer Forrestier aka Jennifer Williams ("Ms. Forrestier") and Forrestier Health, LLC (through its owner and registered agent Ms. Forrestier) ("Respondents"). The FDIC's petition should be granted because Respondents have no lawful basis for refusing to comply with the FDIC's subpoenas.

## INTRODUCTION

This is a summary proceeding to enforce administrative subpoenas that the FDIC issued to Respondents as part of its investigation into an institution affiliated party ("IAP") of Truist Bank ("Bank"). The Bank, headquartered in Charlotte, North Carolina, is an insured State nonmember bank, subject to 12 U.S.C. §§ 1811-1831aa, 12 C.F.R. Chapter III, and the laws of the State of North Carolina. The Bank is an "insured depository institution" as the term is defined in 12 U.S.C.

§ 1813(c)(2). The FDIC is the "appropriate Federal banking agency" under 12 U.S.C. § 1813(q)(2) to conduct an investigation under 12 U.S.C. § 1820(c) and 12 C.F.R. Part 308, subpart K.

The FDIC is an independent agency created by Congress to maintain stability and public confidence in the nation's financial system. The FDIC insures deposits; examines and supervises financial institutions for safety, soundness, and consumer protection; makes large and complex financial institutions resolvable; and manages receiverships. As part of its supervisory authority over financial institutions, the FDIC's authority extends to institution-affiliated parties of these financial institutions.

Section 10(c) of the Federal Deposit Insurance Act ("FDI Act"), 12 U.S.C. § 1820(c), empowers the FDIC to conduct investigations, to administer oaths and affirmations, and to take testimony under oath during its investigations. Section 8(n) of the FDI Act, 12 U.S.C. § 1818(n), empowers federal district courts to compel compliance with the FDIC's administrative subpoenas issued during an investigation. Specifically, Section 8(n) of the FDI Act provides in pertinent part that the FDIC "may apply to . . . the United States district court for the judicial district . . . in which such proceeding is being conducted, or where the witness resides or carries on business, for the enforcement of any subpoena or subpoena *duces tecum* issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith." 12 U.S.C. § 1818(n).

## BACKGROUND

On April 2, 2025, the FDIC issued an Order of Investigation authorizing a probe of possible wrongdoing by an IAP—namely, Ms. Forrestier—of the Bank. ECF No. 1, Ex. 1. An IAP includes any director, officer, [and] employee," among others. 12 U.S.C. § 1813(u)(1). The Order of Investigation calls for an evaluation of whether an IAP of the Bank "may have violated laws or

regulations." *Id.* Much of the FDIC's focus in this investigation has been concentrated on Ms. Forrestier's June 30, 2020 application of a COVID-19 Economic Injury Disaster Loan ("EIDL") on behalf of her company Forrestier Health, LLC, her receipt of $35,000 EIDL funds, and her use of those funds, all while being employed full-time as a digital services project manager at the Bank.

The U.S. Small Business Administration's COVID-19 EIDL program was established to support small business owners to meet financial obligations and operating expenses that could have been met had the COVID-19 disaster not occurred. The COVID-19 EIDL program provided loans and advances to eligible businesses.[1] Ms. Forrestier applied for and obtained a loan through the COVID-19 EIDL program pursuant to abbreviated procedures established under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. The loan is presently in default and Forrestier Health, LLC has been dissolved as of September 13, 2024.

Ms. Forrestier was also a signatory to a business checking account at the Bank held on behalf of Kennedy Construction Pros, LLC, a business 100% owned by her then husband. Kennedy Construction Pros, LLC received EIDL funds in the amount of $30,000 around the same time as Forrestier Health.[2] Until May 2025, Ms. Forrestier served as the registered agent for Kennedy Constructions Pros, LLC. That loan is also in default and the company has been dissolved as of September 8, 2023.

The Order of Investigation specifically authorizes the issuance of administrative subpoenas. *Id.* The Order provides that delegated individuals have "the authority to administer oaths and affirmations; subpoena witnesses and compel their attendance; take and preserve

---

[1] Under the COVID-19 EIDL program, beneficiaries were permitted to use loan proceeds as working capital to make regular payments for operating expenses, including payroll, rent/mortgage, utilities, and other ordinary business expenses, and to pay business debt incurred at any time (past, present, or future), https://www.sba.gov/funding-programs/loans/covid-19-relief-options/covid-19-economic-injury-disaster-loan/about-covid-19-eidl (last accessed June 11, 2025).

[2] Kennedy Construction Pros, LLC also received a $10,000 EIDL advance.

testimony; and require the production of any books, papers, correspondence, memoranda, or other records, including those maintained in an electronic form deemed relevant and material to the inquiry; and to perform all other duties in connection with the investigation, as deemed necessary or prescribed by law." *Id;* 12 C.F.R. §§ 308.145, 146.

Pursuant to the Order of Investigation, the FDIC issued administrative subpoenas on April 10, 2025 to Ms. Forrestier and Forrestier Health, LLC requiring them on April 29, 2025 to provide, among other things, records relating to the application of a loan on behalf of Forrestier Health, LLC through the COVID-19 EIDL program, records showing how the EIDL funds were used and/or transferred into other financial accounts, and business records relating to employees, payroll, gross revenue, and business formation of Forrestier Health, LLC. ECF No. 1, Exs. 4 & 5.

The FDIC's Uniform Rules of Practice and Procedure at 12 C.F.R. Part 308 provide that service of subpoenas may be made by: (1) personal service; (2) if the person to be served is an individual, by delivery to a person of suitable age and discretion at the physical location where the individual resides or works; (3) if the person to be served is a corporation or other association, by delivery to an officer, managing or general agent, or to any other agent authorized by appointment of law to receive service and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the party; (4) by registered or certified mail, delivery by a same day courier service, or by an overnight delivery service to the person's last known mailing address; or (5) by any other method reasonably calculated to give actual notice. 12 C.F.R. §§ 308.11(d) and 308.149.

On April 11, 2025, the FDIC served the subpoenas issued to Ms. Forrestier and Forrestier Health, LLC via UPS overnight delivery to her residential address in Gastonia, North Carolina. ECF No. 1, Ex. 6.

Notwithstanding service compliant with the FDIC's Uniform Rules of Practice and Procedure, the FDIC additionally engaged Magna Legal Services to serve Ms. Forrestier with the subpoenas. From April 12 through April 19, a process server made six attempts at service. On April 19, 2025, the subpoenas were hand delivered to an adult occupant at Ms. Forrestier's Gastonia residential address. *Id*.

On April 29, 2025, Ms. Forrestier, in her personal capacity, and Ms. Forrestier, in her business capacity on behalf of Forrestier Health, LLC, failed to appear and produce documents as required by the subpoenas. On the same day, Ms. Forrestier called FDIC Enforcement Counsel and claimed that she had retained counsel and that the subpoenaed documents would be produced. ECF No. 1, Ex. 7. During the same call, Ms. Forrestier declined to provide the name of her attorney. *Id*.

On June 4, 2025, FDIC enforcement counsel sent a letter to Ms. Forrestier stating that he had yet to be contacted by any attorney on behalf of Ms. Forrestier. *Id*. The letter restated the admonishment that Ms. Forrestier in both her capacities was required to produce the subpoenaed documents. *Id*.

To date, Ms. Forrestier, in her personal capacity, and Mr. Forrestier, in her business capacity on behalf of Forrestier Health, LLC, has failed to appear and produce documents as required by the subpoenas. ECF No. 1, Ex. 6.

Respondents have nonetheless been provided with ample notice, opportunity, and time to comply with the FDIC's subpoenas. There is no lawful basis for Respondents' refusal to respond and comply with the subpoenas. It is well settled that Congress granted the FDIC broad authority to issue administrative subpoenas in furtherance of its investigations of financial institutions and institution-affiliated parties subject to FDIC oversight. The challenged subpoenas were lawfully

issued, are reasonably definite, and seek information relevant to the FDIC's investigation of whether an IAP of the Bank has violated laws or regulations. Accordingly, the FDIC's subpoenas should be enforced and Respondents should be ordered to produce the subpoenaed documents.

## LEGAL STANDARD

"The district court plays a 'limited role' in the enforcement of administrative subpoenas." *EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995). While the court's function is "neither minor nor ministerial," *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 217 n. 57 (1946), "the scope of issues which may be litigated in an enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity." *FTC v. Texaco, Inc.*, 555 F.2d 862, 873 (D.C. Cir. 1977). The Supreme Court held in *United States v. Morton Salt Co*., 338 U.S. 632 (1950), that an administrative subpoena must be enforced once it is shown that the use of such subpoena "is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant." *Id*. at 652; *see also NLRB v. Interbake Foods*, 637 F.3d 492, 499 (4th Cir. 2011); *NLRB v. Raleigh Restaurant Concepts*, No. 5:15-CV-438-D, 2016 WL 4360914, *3 (E.D.N.C. Aug. 12, 2016). The party opposing a subpoena may raise "any appropriate defense," including an objection based on overbreadth, lack of specificity, or infringement of a cognizable privilege. *See Interbake Foods*, 637 F.3d at 499. However, the court has "authority to evaluate the parties' positions" and, before ordering compliance with the subpoena, "must satisfy itself [that], under appropriate legal standards, it should enforce the subpoena." *Id*. at 500 (emphases omitted).

## ARGUMENT

The administrative subpoenas at issue in this proceeding easily meet the requirements of *Morton Salt* and consequently Respondents should be ordered to comply with the subpoenas. First,

the FDIC has broad authority to issue administrative subpoenas in furtherance of its investigation of FDIC-supervised institutions and institution-affiliated parties. Second, the subpoenas issued to Respondents are free of ambiguity and reasonable in scope. Third, the subpoenaed records are relevant to the FDIC's investigation of whether an IAP—namely Ms. Forrestier—has violated laws or regulations.

## I. THE ISSUANCE OF THE ADMINISTRATIVE SUBPOENAS TO RESPONDENTS WAS WITHIN THE FDIC'S STATUTORY AUTHORITY

There can be no dispute that the issuance of administrative subpoenas is within the authority of the FDIC. In exercising lawful investigatory power, the FDIC is entitled to "broad discretion to require the disclosure of information concerning matters within [its] jurisdiction." *Phillips Petroleum Co. v. Lujan*, 951 F.2d 257, 260 (10th Cir. 1991). Section 8(n) of the FDI Act, 12 U.S.C. § 1818(n), together with 12 U.S.C. § 1820(c), broadly grants the FDIC the power "to issue, revoke, quash or modify subpoenas and subpoenas duces tecum" in connection with its supervisory authority over financial institutions and institution-affiliated parties.

Not only are administrative subpoenas generally within the statutory power of the FDIC, but their use was specifically authorized and contemplated by the Order of Investigation in effect in this matter. The Order provides that delegated individuals have "the authority to administer oaths and affirmations; subpoena witnesses and compel their attendance; take and preserve testimony; and require the production of any books, papers, correspondence, memoranda, or other records." ECF No. 1, Ex. 1. Here, the subpoenas at issue were duly issued by FDIC enforcement counsel who is participating in the ongoing investigation and, therefore, was within the FDIC's authority for purposes of the first requirement of the *Morton Salt* test.

Unlike judicial power, the FDIC's administrative subpoena power is not limited to gathering evidence related to a pending lawsuit. Instead, the FDIC is authorized to issue subpoenas

with the "power of original inquiry" more akin to a "grand jury" investigation that does not rely on a "case and controversy" and "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *See Morton Salt*, 338 U.S. at 642-643; *see also Oklahoma Press Publishing Co.*, 327 U.S. at 216 (noting that inquiry by subpoena need not be "limited . . . by forecasts of the probable result of the investigation"). As the Supreme Court recognized in *Morton Salt*, administrative subpoenas are properly issued to gather evidence so that an agency can decide whether to initiate adversarial proceedings. *See Morton Salt*, 338 U.S. at 640.

Respondents thus far have failed to raise *any* objection to the subpoenas and likewise have failed to identify a single ground supporting the proposition that the FDIC's subpoenas were improperly issued. Rather, it appears that Respondents simply do not want to respond to the subpoenas and Respondents hope that the FDIC will back down and forget about the ongoing inquiry. Because the FDIC has the statutory right to investigate Ms. Forrestier, an IAP of the Bank, for a possible violation of laws of regulations, the FDIC was well within its authority in issuing subpoenas to Respondents.

## II. THE FDIC'S SUBPOENAS ARE NEITHER INDEFINITE NOR UNREASONABLY BROAD

The administrative subpoenas at issue similarly satisfy the second *Morton Salt* requirement—reasonable specificity and breadth—with ease. If Respondents are inclined to challenge the subpoenas on these grounds, Respondents bear the burden to show that the requests are indefinite or unduly broad in scope. *See RNR Enterp., Inc. v. SEC*, 122 F.3d 93, 97 (2d Cir. 1997) (explaining that the objecting party "must shoulder the burden of showing that the subpoena is 'unreasonable' ... or that compliance would be 'unnecessarily burdensome'") (quoting *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1056 (2d Cir. 1973)); *In re McVane*, 44 F.3d 1127,

1135 (2d Cir. 1995) ("The burden of demonstrating that an administrative subpoena is unreasonable falls on the individual to whom it is directed.").

The FDIC issued administrative subpoenas to Ms. Forrestier and Forrestier Health, LLC requiring them to provide, among other things, records relating to the application of a loan on behalf of Forrestier Health, LLC through the COVID-19 EIDL program, records showing how the EIDL funds were used and/or transferred into other financial accounts, and business records relating to employees, payroll, gross revenue, and business formation of Forrestier Health, LLC. The records sought under the subpoenas represent a narrowly tailored universe of documents that pertain to Ms. Forrestier's application for an EIDL loan, Forrestier Health LLC's eligibility for the loan, and Ms. Forrestier's use of those funds either in her personal capacity or her capacity as 100% owner of Forrestier Health. Given the obvious scope of the FDIC's investigation, that is, whether Ms. Forrestier properly applied for an EIDL loan and whether she expended EIDL funds as permitted under the terms of the COVID-19 EIDL program, the subpoenas are far from being indefinite or unreasonably broad.

## III. THE FDIC'S SUBPOENAS SEEK DOCUMENTS THAT ARE RELEVANT TO THE INVESTIGATION

The FDIC's administrative subpoenas must be enforced if the information sought is "relevant to the investigation—the boundary of which may be defined quite generally." *RTC v. Walde*, 18 F.3d 943, 947 (D.C. Cir. 1994) (internal citation and quotation marks omitted). In a subpoena enforcement proceeding, the respondent bears the burden of establishing that the information sought is not relevant to the investigation. *See Walde*, 18 F.3d at 948; *accord In re McVane*, 44 F.3d at 1135. "The standard for judging relevanc[e] in an investigatory proceeding is more relaxed than in an adjudicatory one." *RTC v. Greif*, 906 F. Supp. 1457, 1464 (D. Kan. 1995); *accord In re McVane*, 44 F.3d at 1136 (observing that relevance should be construed "broadly" in

the context of administrative subpoenas). Relevancy is determined "in terms of the investigation" rather than "in terms of evidentiary relevance." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 113 (4th Cir. 1997).

Courts, moreover, are required to accept the agency's appraisal of relevance unless it is "obviously wrong." *Lockheed Martin Corp.*, 116 F.3d at 113. Here, Respondents have failed to raise *any* objection to the subpoenas and likewise have failed to articulate how the sought-after records are not relevant to the FDIC's investigation. Given that the FDIC is investigating whether Ms. Forrestier, an IAP of the Bank, violated laws or regulations by obtaining COVID-19 EIDL funds on behalf of her company Forrestier Health, LLC while employed at the Bank, the subpoenaed documents—records relating to the application of a loan on behalf of Forrestier Health, LLC through the COVID-19 EIDL program, records showing how the EIDL funds were used and/or transferred into other financial accounts, and business records relating to employees, payroll, gross revenue, and business formation of Forrestier Health, LLC—are highly relevant. Accordingly, the documents sought by the FDIC easily satisfies the broad standard of relevance that applies to FDIC administrative subpoenas.

In sum, Respondents should be directed to appear and to produce the subpoenaed documents because the FDIC had satisfied the three requirements of *Morton Salt*.

### CONCLUSION

For the above reasons, the Court should grant the FDIC's petition for summary enforcement of the administrative subpoenas issued to Respondents. The FDIC seeks an Order directing Respondents to comply with the subpoenas.

//

//

Dated: June 12, 2025

Respectfully submitted,

Andrew J. Dober
Senior Counsel

/s/ Dominique J. Park
Dominique J. Park (WSBA Bar No. 38925)
Daniel J. Thetford (VA Bar No. 99580)
Corporate Litigation Unit
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive
Arlington, VA  22226-3500
Tel: (703) 516-5729
Fax: (703) 516-5067
Email: dompark@fdic.gov

*Counsel for Federal Deposit Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 12, 2025, I caused a copy of the foregoing document to be served on the following recipients:

Jennifer Forrestier
aka Jennifer Williams
3420 Sand Post Oak Ct
Gastonia, NC 28056

Forrestier Health, LLC
c/o Jennifer Forrestier
3420 Sand Post Oak Ct
Gastonia, NC 28056

/s/ Dominique J. Park
Dominique J. Park
Corporate Litigation Unit
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive
Arlington, VA  22226-3500
Tel: (703) 516-5729
Fax: (703) 516-5067
Email: dompark@fdic.gov

*Counsel for Federal Deposit Insurance Corporation*